IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL EDWARD BELL,<br>        Petitioner,<br><br>v.<br><br>MORRIS HOUSER, et al.,<br>        Respondents. | C.A. No. 21-292 Erie<br><br>District Judge Susan Paradise Baxter<br>Magistrate Judge Richard A. Lanzillo |

## MEMORANDUM ORDER

This *pro se* action for habeas corpus relief was filed by Petitioner Carl Edward Bell, an inmate incarcerated at the State Correctional Institution at Benner in Bellefonte, Pennsylvania ("SCI-Benner"), who is serving a sentence of imprisonment imposed by the Court of Common Pleas of Erie County, Pennsylvania. In his habeas petition, Petitioner seeks relief under 28 U.S.C. § 2254, challenging both the entry of his plea and the imposition of his sentence. The petition was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The record indicates that Petitioner entered a guilty plea to one count of murder of the third degree and two counts of aggravated assault on January 20, 2017. On March 6, 2017, he was sentenced to an aggregate term of 30 to 60 years imprisonment. Following a direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on April 24, 2018. Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court; thus, Petitioner's judgment of sentence became final on May 24, 2018.

On April 22, 2019, after 333 days had passed, Petitioner filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act, 42 Pa. C.S.A. § 9541, et seq. ("PCRA"), which was

dismissed on December 10, 2019. The dismissal of the PCRA petition was affirmed on appeal by the Pennsylvania Superior Court, on November 19, 2020, and the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on September 1, 2021. At that time, Petitioner had 32 days remaining to file a habeas petition; however, the within habeas petition was not placed in the prison mailbox by Petitioner until October 7, 2021, a few days beyond the expiration of the applicable one-year statute of limitations.

On November 3, 2023, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that the instant petition be dismissed, with prejudice, as untimely, and recommending further that a Certificate of Appealability be denied [ECF No. 25]. In making his recommendation, Judge Lanzillo noted that Petitioner failed to file a traverse in support of his petition, and in opposition to Respondent's response setting forth reasons why the statute of limitations should be equitably tolled in this case. Nonetheless, Judge Lanzillo proceeded to consider whether Petitioner's repeated complaint throughout his petition that his court-appointed counsel consistently refused to advocate on his behalf or to file requested appeals was sufficient, in itself, to warrant the application of equitable tolling. In this regard, Judge Lanzillo concluded that, even if such conduct by Petitioner's counsel "could be characterized as sufficiently 'extraordinary' to have prevented Petitioner from filing a timely petition, [Petitioner] has failed to establish that he pursued his rights diligently." (Id. at p. 5). In particular, Judge Lanzillo observed that "Petitioner has not offered any explanation for the delay in filing his Petition or described any steps he took to diligently pursue his federal claims." (Id.).

Objections to the R&R were filed by Petitioner on December 18, 2023 [ECF No. 28], in which Petitioner raises numerous arguments pertaining to equitable tolling that are either irrelevant or were never presented to the Chief Magistrate Judge in the first instance. (See ECF

No. 28, at pp. 6-12, ¶¶ 7-21). These arguments will not be considered by the Court.[1] However, the primary focus of Petitioner's objections is his claim of actual innocence, which was not addressed by Judge Lanzillo in his R&R. Specifically, Petitioner refers to the argument raised in his petition that he discovered "new evidence" that was not presented to the jury at his criminal trial that proves his actual innocence. Petitioner argues that an autopsy report prepared by medical examiner Eric Lee Vey reveals that Petitioner's victim died from "a total collapse of the lungs," as opposed to blunt force trauma to his head, which, according to Petitioner, absolves him of the victim's death. Petitioner contends that this evidence was withheld by the prosecution and was known by his trial counsel, but not disclosed to him. (Id. at ¶¶ 2-6).

In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, … or … expiration of the statute of limitations." According to the Third Circuit Court, "McQuiggin establishes an *exception* to the statute of limitations, even where a petitioner may not qualify for an *extension* to the statute of limitations via equitable tolling." Wallace v. Mahanoy, 2 F.4th 133, 151 (3d Cir. 2021) (emphasis in original). Thus, the R&R's statute of limitations analysis is incomplete without due consideration of Petitioner's actual innocence claim.

After *de novo* review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 18th day of April, 2024,

---

[1] With regard to Petitioner's arguments raised for the first time in his objections, such arguments are deemed waived. See, In re Nat'l Collegiate Student Loan Trs., 971 F.3d 433 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived … a passing reference to an issue does not suffice to preserve it"); Simmons v. Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (same); Von Evans v. Brittian, 2024 WL 219231, at *1 n.1 (E.D. Pa. Jan. 19, 2024) (collecting cases).

IT IS HEREBY ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, dated November 3, 2023 [ECF No. 25], is not adopted, and this matter is referred back to the Chief Magistrate Judge for consideration of Petitioner's claim of actual innocence with regard to the application of the statute of limitations.

*[signature]*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief United States Magistrate Judge

All parties of record