IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL EDWARD BELL,<br>   Petitioner,<br><br>v.<br><br>MORRIS HOUSER, et al.,<br>   Respondents. | C.A. No. 21-292 Erie<br><br>District Judge Susan Paradise Baxter<br>Chief Magistrate Judge Richard A. Lanzillo |

## MEMORANDUM ORDER

This *pro se* action for habeas corpus relief was filed by Petitioner Carl Edward Bell, an inmate incarcerated at the State Correctional Institution at Benner in Bellefonte, Pennsylvania ("SCI-Benner"), who is serving a sentence of imprisonment imposed by the Court of Common Pleas of Erie County, Pennsylvania. In his habeas petition, Petitioner seeks relief under 28 U.S.C. § 2254, challenging both the entry of his plea and the imposition of his sentence. The petition was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The record indicates that Petitioner entered a guilty plea to one count of murder of the third degree and two counts of aggravated assault on January 20, 2017. On March 6, 2017, he was sentenced to an aggregate term of 30 to 60 years imprisonment. Following a direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on April 24, 2018. Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court; thus, Petitioner's judgment of sentence became final on May 24, 2018.

On April 22, 2019, after 333 days had passed, Petitioner filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act, 42 Pa. C.S.A. § 9541, et seq. ("PCRA"), which was

1

dismissed on December 10, 2019. The dismissal of the PCRA petition was affirmed on appeal by the Pennsylvania Superior Court, on November 19, 2020, and the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on September 1, 2021. At that time, Petitioner had 32 days remaining to file a habeas petition; however, the within habeas petition was not placed in the prison mailbox by Petitioner until October 7, 2021, a few days beyond the expiration of the applicable one-year statute of limitations.

On November 3, 2023, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that the instant petition be dismissed, with prejudice, as untimely, and recommending further that a Certificate of Appealability be denied [ECF No. 25]. Objections to the R&R were filed by Petitioner on December 18, 2023 [ECF No. 28], emphasizing his claim of actual innocence, which was not addressed by Judge Lanzillo in his R&R. As a result, this Court issued a Memorandum Order declining to follow the R&R and referring this matter back to the Chief Magistrate Judge for consideration of Petitioner's claim of actual innocence with regard to the application of the statute of limitations. [ECF No. 29].

On May 14, 2025, Judge Lanzillo issued a second Report and Recommendation ("R&R2") rejecting Plaintiff's claim of actual innocence and reaffirming his prior recommendation that the instant petition be dismissed, with prejudice, as untimely, and that a Certificate of Appealability be denied. [ECF No. 31]. In so doing, the Chief Magistrate Judge notes that Petitioner's claim of actual innocence is based entirely on an autopsy report of the victim prepared by medical examiner Eric Lee Vey, which was relied upon by the prosecution to prove that the victim died of blunt force trauma to the head. (Id. at p. 4). Specifically, R&R2 highlights Petitioner's contention that two isolated statements within the report "clearly reveals/demonstrates that the victim did not die from blunt force trauma to the head," thus

undermining the prosecution's theory upon which Plaintiff's conviction was based. (ECF No. 8 at p. 5). Nonetheless, after observing that the medical examiner's ultimate conclusion was that the victim had "died as a result of complications of blunt force trauma to the head," Judge Lanzillo noted that "an autopsy report that concludes that the victim died in the precise manner specified by the prosecution – from blunt trauma to the head – cannot be characterized as exculpatory." (ECF No. 31, at p. 5).

After receiving an extension of time, Petitioner filed objections to R&R2 on September 8, 2025 [ECF No. 36]; however, the vast majority of the arguments raised by Petitioner are not relevant to the matters of equitable tolling and/or actual innocence that are addressed by the Chief Magistrate Judge. As a result, such arguments will not be considered by the Court.[1] The only relevant objections raised by Petitioner to R&R2 challenge Judge Lanzillo's medical competence to analyze the autopsy report (Id. at ¶ 19) and Judge Lanzillo's "failure to mention petitioner's evidence of the autopsy report showing reasonable probability that the victim … died from evidence withheld by the state on p. 13 of the autopsy report of the victim's lungs having such an overfill of … fluid accumulation … [that] his lungs completely collapsed…." (Id. at ¶ 20). Neither of these objections are sufficient to overcome the Chief Magistrate Judge's finding that such evidence is not exclulpatory," but is, at best, "'impeachment evidence [that] is generally not sufficient to satisfy the [actual innocence gateway] standard.'" (ECF No. 31, at p. 5, quoting Munchinski v. Wilson, 694 F.3d 308, 338 (3d Cir. 2012).

Thus, after *de novo* review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

---

[1] These arguments pertain to matters at the trial court level, including ineffective assistance of counsel, coercion of witnesses, failure to consider his competency, abuse of discretion, fraud, and unclean hands. These matters are subject to the same timeliness issues that were addressed in the Chief Magistrate Judge's first R&R and are only relevant if equitable tolling applies by virtue of Plaintiff's actual innocence claim, which is the subject of the R&R at issue.

AND NOW, this 8th day of October, 2025,

IT IS HEREBY ORDERED that the within petition for a writ of habeas corpus is DISMISSED as untimely, with prejudice, a Certificate of Appealability is DENIED, and the report and recommendation of Chief Magistrate Judge Lanzillo, issued on May 14, 2025 [ECF No. 31], is adopted as the opinion of this Court. As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

                                                        SUSAN PARADISE BAXTER
                                                        United States District Judge

cc:    The Honorable Richard A. Lanzillo
        Chief United States Magistrate Judge

        All parties of record